## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

YVONNE ROUNDTREE          *
         *
Plaintiff          *
         *
v          *          Civil Action No. CCB-16-3794
         *
DEBORAH EXUM,          *
CHERYL SMITH,          *
         *
Defendants          *
         ***

## MEMORANDUM

On November 23, 2016, self-represented plaintiff Yvonne Roundtree, a Maryland resident, filed this complaint against Deborah Exum, a social worker in the Department of Social Services, and Cheryl Smith, an attorney in the Public Defender's Office, for excluding her from two court proceedings involving her infant grandson.[1]   Roundtree further faults Smith for providing ineffective assistance of counsel and misrepresentation.   Roundtree, who takes issue with her grandson's current guardianship status, asks to be awarded custody and guardianship and $7 million in "equitable relief." ECF 1.   Roundtree did not pay the $400.00 filing fee or file a motion for leave to proceed in forma pauperis.   Requiring Roundtree to cure this deficiency would serve no purpose other than to delay disposition of this matter.

The complaint does not specify when or where the hearings at issue occurred or the nature of these hearings.   Further, the complaint contains no factual allegations against either defendant.   It is silent as to how Smith provided ineffective assistance of counsel or committed

---

[1] The Maryland State website identifies Cheryl Smith as an assistant public defender in Baltimore City in the Children in Need of Assistance Division. *See* http://www.opd.state.md.us/opd/Divisions/CINA/CINAStaff.aspx.

misrepresentation.[2]   Next, the complaint fails to allege defendants' involvement in Roundtree's exclusion from the hearings, why she was entitled to attend these hearings, and why these actions violated Roundtree's constitutional rights or federal law.

There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederic*k, 191 F.3d 394, 399 (4th Cir. 1999).   The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).   Pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).   To determine jurisdiction, this court must examine whether a "federal question" is presented or there is diversity of citizenship of the parties. *See* U.S. Const. Art. 3 §2; 28 U.S.C. §§1331, 1332.[3]

Roundtree asserts the court has federal question jurisdiction in this case because the "Dept. of Social Services is part of a federal Dept. Health, Human Services, as a state agency Public Defender's Office as well [sic]."   ECF 1 at 4; ECF 1-3 at 4.   In fact, the Maryland Department of Social Services, where defendant Exum is alleged to work, is a state agency.  The Maryland Office of the Public Defender, where defendant Smith works, is also a state agency.[4] Roundtree may not assert federal jurisdiction based on a suit against a state agency.   The complaint also fails to present a federal or constitutional claim.[5]

---

[2] It is likely that Smith represented the interests of the minor child, not Roundtree.

[3] The complaint suggests no basis for jurisdiction based on diversity of citizenship of the parties.

[4]  *See* http://www.opd.state.md.us/.

[5] Although Roundtree checked boxes indicating nature of suit on the civil cover sheet for civil rights violations under the Americans with Disabilities Act and the Indian Child Welfare Act, she does not explain why these laws apply. The cover sheet also shows assault, libel, taxes, and the right to maternal family reunification as causes of action upon which the complaint is premised.

Further, matters of child custody are generally not within the purview of federal courts. *See Raftery v.* Scott, 756 F. 2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest). Even if there is diversity jurisdiction, federal courts lack the power to grant divorces, determine alimony or support obligations, or decide child custody rights. *See Wasserman v. Wasserman*, 671 F. 2d 832 (4th Cir. 1982); *Cantor v. Cohen*, 442 F.3d 196 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) (noting federal courts "generally abstain from child custody matters). In any event, Roundtree does not provide any basis for diversity jurisdiction.

Roundtree does not indicate whether she has appealed the custody and guardianship decisions concerning her grandson in state court. In any event, she may not pursue appellate review of a state court determination in federal district court. Under the *Rooker–Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.' " *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The doctrine bars "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). An issue is "inextricably intertwined" when it "was not actually decided by the state court but where success on the...claim depends upon a determination that the state court wrongly decided the issues before it." *Brown & Root, Inc., v. Breckinridge*, 211 F.3d 194, 198 (4th Cir. 2000). Recently, the United States Court of Appeals for the Fourth Circuit clarified the narrow scope of the doctrine in *Thana v. Board of License Commissioners for Charles City*, 827 F. 3d. 314 (4th. Cir.

2016), by explaining that the doctrine does not apply "if a plaintiff in federal court does not seek review of the state court judgment itself but instead presents an independent claim" that is related to a matter decided by a state court. *Id.* at 320 (internal quotation marks and emphasis omitted). By asking this court to grant her guardianship and custody of her minor grandson and seeking associated equitable damages, Roundtree appears to be seeking a remedy that in essence asks to overturn a state court determination. The *Rooker-Feldman* doctrine bars the court from doing so. *See American Reliable* Ins. Co., 336 F.3d at 316 ("A litigant may not circumvent the [ ] jurisdictional mandates [of Rooker–Feldman] by instituting a federal action which, although not styled as an appeal, amounts to nothing more than an attempt to seek review of the state court's decision by a lower federal court.") (internal quotation marks, brackets, and citation omitted). Accordingly, the court lacks jurisdiction to hear these claims.

## CONCLUSION

For these reasons the case will be dismissed without prejudice for lack of jurisdiction by separate order to follow.


December 9, 2016                                        /S/
Date                                          Catherine C. Blake
                                              United States District Judge